**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

PINE ISLAND PROPERTY HOLDINGS, LLC and PINE ISLAND GC, LLC,

Plaintiffs,

vs.

BEAUFORT COUNTY, SOUTH CAROLINA,

Defendant,

Civil Action No.: 9:26-cv-1617-RMG

**<u>PLAINTIFFS' ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES</u>**

Plaintiffs Pine Island Property Holdings, LLC and Pine Island GC, LLC (collectively, "<u>Plaintiffs</u>"), answer Local Civil Rule 26.01 (D.S.C.) Interrogatories as follows:

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**<u>ANSWER</u>: Plaintiffs are not aware of any persons or legal entities who have a subrogation interest in the claims.**

(B) As to each claim, state whether it should be tried jury or non-jury and why.

**<u>ANSWER</u>: Plaintiffs' claim for violation of Equal Protection (Class-of-One) involves factual determinations relating to the unequal treatment of Plaintiffs and comparator evidence. As such, Plaintiffs' class-of-one Equal Protection claim should be tried by jury. In addition, Plaintiffs' claims for damages under 42 U.S.C. § 1983 to redress injuries and the deprivation rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution should be tried by jury as to liability.**

**Plaintiffs' claims for declaratory and injunctive relief seeking to declare the CPO unconstitutional, on its face and as applied to Plaintiffs and void for**

**vagueness in violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and invalid under state law should be tried non-jury. These claims involve legal determinations that are appropriate for resolution by the Court.**

**Plaintiffs' claim for violation of the Dormant Commerce Clause seeks declaratory and injunctive relief, as well as damages pursuant to 42 U.S.C. § 1983. This claim should be tried non-jury as to the equitable relief sought. Liability for damages under Section 1983 should be decided by the jury.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**ANSWER: Plaintiffs are not publicly owned companies.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER: The basis for asserting the claim in the division in which it is filed is that Plaintiffs challenge the constitutionality of the County's enactment and enforcement of Ordinance No. 2023/18 codified in the Beaufort County Community Development Code ("CDC") at § 3.4.50. Plaintiffs own property located within Beaufort County and substantial part of the events or omissions giving rise to Plaintiffs' causes of action occurred in Beaufort County, South Carolina.**

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court

based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER: This action is related to the matter captioned *Pine Island Property Holdings, LLC and Pine Island GC, LLC v. Beaufort County, South Carolina*, Civil Action No. 9:23-cv-03962-RMG (the "Prior Action") in which Plaintiffs brought a lawsuit to challenge the constitutionality of the CPO and the County's enforcement of the CPO against Plaintiffs, as well as claims for damages under 42 U.S.C. § 1983. The Prior Action was dismissed on mootness grounds by Order entered February 20, 2026 [ECF No. 86] by the Honorable Richard M. Gergel on a unilateral basis, independent of motion, without notice and an opportunity to be heard. Plaintiffs filed a motion for reconsideration and requested a hearing, which was denied two business days after it was filed and without a response from the County. See ECF Nos. 88 and 89 (9:23-cv-03962-RMG). In denying Plaintiffs' motion for reconsideration in the Prior Action, the Court concluded that "Plaintiffs were seeking an advisory opinion related to the withdrawn plans." See ECF 89 (9:23-cv-03962-RMG).**

**This action presents a challenge to the CPO based on events occurring subsequent to the filing of the Prior Action and seeks damages and available relief for ongoing injuries that Plaintiffs have suffered, and will continue to suffer, because of the CPO, which remains in effect. The relief and remedies requested in this action relate to the ongoing injuries that have resulted from the existence and continued enforcement of the unconstitutional CPO. This action does not seek relief relating to a plan to build three six-hole golf courses.**

(F) [Defendants only.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER: Not applicable.**

(G) [Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**ANSWER: Not applicable.**

(H) *Parties or Intervenors in a Diversity Case*. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER: Not applicable.**

Respectfully submitted,

By: *s/ Ellis R. Lesemann*
Ellis R. Lesemann (Fed. ID No. 7168)
erl@lalawsc.com
Michelle A. Stewart (Fed. ID No. 12460)
mas@lalawsc.com
Lesemann & Associates LLC
418 King Street, Suite 301
Charleston, SC 29403
(843) 724-5155

April 17, 2026
Charleston, South Carolina

***Attorneys for Plaintiffs***