**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| Pine Island Property Holdings, LLC and Pine Island GC, LLC, <br><br>          Plaintiffs, <br><br>    v. <br><br> Beaufort County, South Carolina, <br><br>          Defendant. | Case No. 9:26-cv-1617-RMG <br><br><br> **ORDER** |

Before the Court is Defendant's motion to stay. (Dkt. No. 11). Plaintiffs oppose the motion. (Dkt. No. 18).

Recently, the Court dismissed a prior action that Plaintiffs filed. *See* C.A. 9:23-cv-3962-RMG ("2023 Action"). The 2023 Action focused on Plaintiffs' challenge to the CPO as it concerned specific plans to develop property. The Court dismissed the 2023 Action due to mootness. Defendants have appealed this ruling to the Fourth Circuit. Appeal No. 26-1477. That appeal is pending.

Plaintiffs then filed the instant lawsuit (the "2026 Action"), which is substantially similar and brings an express facial challenge to the CPO. (Dkt. No. 1). As Defendant observes:

> The allegations of fact and the issues of law involved in the new 2026 action are almost entirely the same as the 2023 action, with the addition of an express facial challenge to the CPO under the Equal Protection clause of the Fourteenth Amendment . . . and a 2025 zoning map amendment application to remove Plaintiffs' property from the CPO and related development agreement application, the latter of which was denied by Beaufort County Council on September 22, 2025.

(Dkt. No. 11-1 at 2).

Defendant moves to stay this action pending disposition of Plaintiffs' appeal of the 2023 Action.

1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The decision to grant or deny a motion to stay "calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1944). The court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "Traditionally, a court may consider the following factors when deciding whether to stay legal proceedings: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed." *Brown-Thomas v. Hynie*, C.A. No. 1:18-cv-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (quoting *Mitchell v. Lonza Walkersville, Inc.*, 2013 WL 3776951, at *2 (D. Md. July 17, 2013) (internal quotation marks omitted)). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 862 (9th Cir. 1979). The decision to grant a stay is "generally left to the sound discretion of district courts." *Ryan v. Gonzales*, 568 U.S. 57, 76 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

Defendant clearly and convincingly provides ample reasons for staying this matter pending disposition of Plaintiffs' appeal of the 2023 Action. (Dkt. No. 11-1 at 4-8). Defendant has

demonstrated a strong likelihood of hardship and inequity were this matter not to be stayed. Defendant has likewise demonstrated that judicial resources would be saved by avoiding duplicative litigation through staying this action.

Defendant correctly notes that Plaintiffs seek substantially similar relief based on nearly identical facts in both actions. In the prior action, Plaintiffs alleged that, as to specific property, the CPO violated the Constitution and that Defendant violated Plaintiffs' due process rights. Here, Plaintiffs again argue that the CPO violates the Constitution (facially) and that their due process rights were violated on procedural grounds.  While Plaintiffs claim that in the 2026 Action they are suing over "new injuries," Plaintiffs never clearly explain *what* these new injuries are or how they differ in a meaningful way—for purposes of Defendant's motion—from Plaintiffs' previously alleged injuries.  *E.g.*, (Dkt. No. 1 at 3) (arguing, as the 2023 Action did, that the CPO violates the Constitution); (*Id.* at 58) (alleging due process violations for "procedural irregularities" as the prior complaint did); Prior Complaint, (Dkt. No. 9:23-cv-3962, Dkt. No. 45 at 35-39) (discussing how "Plaintiffs were deprived of their procedural due process rights").

Further, Defendant has established that a failure to stay this matter could result in inconsistent rulings which would potentially prejudice all parties and unduly complicate this litigation. For example, in their appeal of the 2023 Action, Plaintiffs appear to argue that they indeed brought a facial challenge to the CPO and that this Court wrongfully found the 2023 Action lacked such a claim and was moot. *See* (Case No. 9:23-cv-3962, Dkt. No. 88-1 at 18); (Appeal No. 26-1477, Dkt. No. 5 at 5) ("Without further briefing or a hearing, the district court issued the Order dismissing the action sua sponte on mootness grounds and entered final judgment. ECF Nos. 86 and 87. In doing so, the district court *misapprehended* the nature of the claims and the relief sought for ongoing injuries caused by the CPO, which remains in full force and effect. The district court

3

erroneously treated the case as a challenge limited to specific conceptual development applications *rather than a constitutional challenge to the CPO itself and the County's enactment and ongoing enforcement of the CPO*.") (emphasis added). In the 2026 Action, Plaintiffs bring, inter alia, a facial challenge to the CPO and Defendant has already moved to dismiss Plaintiffs' complaint. *See* (Dkt. No. 19). Were this Court not to stay this matter, it would eventually rule on Defendant's motion to dismiss. By extension, ruling on the motion to dismiss would undoubtably create a risk of inconsistent rulings regarding claims which are seemingly pled across both actions—inefficiencies that the Court and parties would then struggle to sift through and reconcile.[1]

In sum, allowing this action to proceed during the pendency of Plaintiffs' appeal of the 2023 Action would invite confusion, potentially prejudice both parties, and create unjustified inefficiencies for this Court and all parties. Further, Defendant has demonstrated that Plaintiffs are not likely to suffer any serious prejudice from a stay. The 2026 Action was recently filed, and no discovery has been taken. Relatedly, it is *Plaintiffs* that chose to appeal the dismissal of the 2023 Action on mootness grounds and then, simultaneously, file a lawsuit with significantly overlapping issues.

For the reasons stated above, the Court **GRANTS** Defendant's motion to stay, (Dkt. No. 11), and **STAYS** this action during the pendency of Appeal No. 26-1477. The parties are directed to file a joint status report apprising the Court of the final disposition of Plaintiffs' appeal. Further,

---

[1] For example, if the Court dismissed Plaintiffs' instant facial challenge but the Fourth Circuit found the 2023 Action *also* presented a viable facial challenge, would the Court be required to reconsider its dismissal of the 2026 Action's facial challenge? Further, were the Fourth Circuit to find that the 2023 Action is not moot and remand, a question would arise as to whether the 2023 and 2026 Actions could or should be consolidated. Continuing to litigate the 2026 Action under such circumstances is an invitation to chaos.

the pending motions to dismiss and to intervene are denied without prejudice with leave to restore

should the stay in this matter be lifted. (Dkt. Nos. 19, 20).

**AND IT IS SO ORDERED.**

<u>s/Richard M. Gergel</u>
Richard Mark Gergel
United States District Judge

June 16, 2026
Charleston, South Carolina